**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COREY DEWAYNE GLADNEY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-CV-4303-N** |
| | ) | |
| **LORIE DAVIS, Director TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). For the foregoing reasons, the Court finds the motion should be denied.

On June 17, 2011, Petitioner was conviction of murder. *State of Texas v. Corey Dewayne Gladney*, No. F-1059543-J (3rd Crim. Dist. Ct., Dallas County, Tex., Jun. 17, 2011). He was sentenced to forty-five years in prison. On November 8, 2012, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Gladney v. State*, No. 05-11-01088-CR, 2012 WL 5949473 *4 (Tex. App. – Dallas, 2012, pet. ref'd). On March 27, 2013, the Court of

Page 1

Criminal Appeals refused Petitioner's petition for discretionary review.  PDR No. 0022-13.

On October 1, 2013, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte Gladney*, Application No. 81,408-01.  On November 24, 2014, the Court of Appeals denied the petition without written order on the findings of the trial court.

On November 25, 2014, Petitioner filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.  On August 15, 2016, the district court denied the petition on the merits. Petitioner did not file an appeal.

On March 31, 2017, Petitioner filed the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  He states he filed objections to the Magistrate Judge's Findings, Conclusions, and Recommendation that were not docketed and were not considered by the district judge.  Petitioner seeks an order stating that he filed objections, and he seeks an extension of time to file an appeal.

## II.  Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a judgment or an order.  It states:

> On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)     the judgment is void;

(5)    the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Petitioner does not state which provision of Rule 60(b) he relies upon.  Petitioner may be relying on 60(b)(1) which allows a court to grant relief where there is mistake, inadvertence, surprise or excusable neglect.  Petitioner has failed to show excusable neglect.  On August 15, 2016, the district court entered its order accepting the Findings, Conclusions, and Recommendation of the Magistrate Judge.  The order stated that Petitioner did not file objections.  Petitioner did not file any motion with the Court disputing its finding that Petitioner did not file objections.  Petitioner also did not file an appeal.  Instead, Petitioner waited over seven months to file the instant Rule 60(b) motion, and has failed to explain the delay.  "Gross carelessness, ignorance of the rules, or ignorance of the law" are insufficient bases for Rule 60(b)(1) relief. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir. 1993). Petitioner has failed to show he is entitled to relief under Fed. R. Civ. P. 60(b)(1).

Alternatively, Petitioner may be arguing he is entitled to relief under 60(b)(6).  This provision allows a district court to relieve a party from a final judgment "for any other reason that justifies relief."  The rule is only used in "extraordinary circumstances."  *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Taylor*, 602 F.3d 291, 311 (5th Cir. 2010)). The Fifth Circuit has set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a

default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

In this case, final judgment was entered over seven months prior to Petitioner filing his Rule 60(b) motion. Although Petitioner could have filed an appeal raising any claims he intended to raise in his objections, he did not do so. Petitioner's § 2254 petition was decided on the merits. Petitioner had a fair opportunity to present the claims in his petition, to file a reply to the Respondent's answer, and file an appeal. Petitioner has failed to file a copy of his objections with his Rule 60(b) motion, so the Court is unable to determine any possible merit of the objections. Finally, Petitioner has failed to explain any reason for the delay in raising his claim that his objections were not received by the Court. Petitioner has failed to show he is entitled to relief under Rule 60(b)(6).

## III.  Recommendation

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that Petitioner's Rule 60(b) motion be denied.

Signed this 14th day of June,  2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).